UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

KEVIN BARR,

                                                      Plaintiff,    **COMPLAINT AND**
                                                                       **JURY DEMAND**
           -against-

THE CITY OF NEW YORK; POLICE OFFICER
ROBERT MILLER; JOHN DOE POLICE OFFICER ##1;    DOCKET #
                                                         Defendants.    ECF CASE
------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a May 9, 2014 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events

giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff Kevin Barr is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

**10.** At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On August 24, 2015, at approximately 7:00 pm., plaintiff had just paid for a massage at Ocean Body Work, located at 343 Lexington Avenue, New York, NY. He gave a $100 bill and received change in return.

12. Sometime later, police arrived, including defendant Police Officer Miller, and placed plaintiff under arrest.

13. Defendant Officer Miller charged plaintiff with "forgery".

14. He was held in custody for well over 24 hours, in violation of CPL §140.00. There appeared to be no legitimate reason for him to be in custody for that long a period of time.

15. Plaintiff was arraigned and he went back to court the following month when all charges were dismissed.

16. Plaintiff denies that he committed any crime or violation in connection with this

2

incident.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

   b. Pain and suffering;

   c. Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety;

   d. Economic loss; and

   e. Loss of liberty.

**FIRST CAUSE OF ACTION**
(42 USC § 1983 – FALSE ARREST AND FALSE IMPRISONMENT AS TO POLICE OFFICER ROBERT MILLER AND JOHN DOE POLICE OFFICER #1)

20. The above paragraphs are here incorporated by reference.

21. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and imprisonment, when they detained and

imprisoned plaintiff without probable cause or reasonable suspicion, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983

22. Plaintiff was aware of his confinement and did not consent to it.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 – MALICIOUS PROSECUTION AS TO POLICE OFFICER ROBERT MILLER)

24. The above paragraphs are here incorporated by reference.

25. Defendant acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from a malicious prosecution, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

26. Defendant initiated a false accusatory instrument against plaintiff and continued to participate in a malicious prosecution of him based on a false accusatory instrument and other communications made to the district attorney's office.

27. Plaintiff was has been damaged as a result of defendant's wrongful acts.

## THIRD CAUSE OF ACTION
(42 USC § 1983 – MUNICIPAL AND SUPERVISORY LIABILITY)

28. The above paragraphs are here incorporated by reference.

29. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

30. The City knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

31. The aforesaid event was not an isolated incident. The City and John Doe Supervisors have been aware for some time (from lawsuits, criminal trials of police officers and

notices of claim, media coverage and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained in the bases for probable cause and that police routinely arrest people without sufficient bases to do so.

32.  For example, in the criminal case against narcotics officer Jason Arbeeny, who was convicted of planting drugs and falsifying arrest reports, the Kings County trial judge noted that NYPD "had a widespread culture of corruption endemic in its drug units". He further noted the "cowboy culture" in narcotics units and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

33.  In addition, the City knows from the same sources that supervising officers, have instituted arrest quotas that put pressure on police officers and detectives to make such arrests regardless of the merits of the arrest.

34.  Furthermore, the City is aware, from the same sources, that police officers routinely engage in the false arrests of citizens. Upon information and belief based on multiple witnesses and plaintiffs in various federal cases, the City and John Doe Supervisors know that defendant Alba and the John Doe officers, among others routinely violates citizens' right to privacy by unlawfully entering private homes, falsely arrests and inappropriately and unlawfully draws and points his gun at citizens. Moreover, rather than inquiring into patterns of alleged misconduct in civil rights cases, the City has undertaken a policy to cover up settlement amounts by changing their settlement stipulations to exclude settlement amounts.

35.  In addition, the City is aware that police officers needlessly detain arrestees for longer periods of time than is necessary, causing such pre-judicial deprivations of liberty to last longer than is necessary. Upon information and belief, the City tacitly maintains a policy of

longer than necessary detentions by not monitoring or supervising or regulating such conduct.

36. The City fails to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies, in addition to failing to monitor false arrests committed by officers. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force and arrests are practiced and incredible testimony goes uncorrected. Additionally, the City and John Doe Supervisors have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

37. The City knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and John Doe Supervisors failed to take corrective action.

38. The City have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

39. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

40. Defendants the City has damaged plaintiff by their failure to properly train,

supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

41. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         June 30, 2016

TO: New York City
    Corporation Counsel Office
    100 Church Street, 4th floor
    New York, NY  10007

    Police Officer Robert Miller
    17th Precinct

Yours, etc.,

*[signature]*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY  11217
(718) 852-3710
lglickman@stollglickman.com